# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JAMIL EARL SALERY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:24-00885-LCB-SGC |
| JEREMY PELZER, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION & ORDER

This is an action filed under 42 U.S.C. § 1983 by Jamil Earl Salery. The plaintiff names four defendants in his amended complaint: Lieutenant Jeremy Pelzer, Correctional Officer Lawrence Clemons, Correctional Officer Bryan McPhails, and Warden William Streeter, each in his individual and official capacity.[1] (Doc. 9 at 3).[2] He asserts an Eighth Amendment excessive force claim against Officer Pelzer; an Eighth Amendment failure to protect claim against Officer Clemons;[3] a claim Officers Pelzer, Clemons, and McPhails conspired to charge him with a disciplinary

---

[1] When docketing this lawsuit, the Clerk inadvertently listed the surname of Officer McPhails without an "s," although Salery spelled it "McPhails" both in his original and amended complaints. (*See* Docs. 1, 9).

[2] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: (Doc. __ at __).

[3] The plaintiff referred to Lawrence Clemons as "Officer Lawrence" in the amended complaint, and the magistrate judge adopted that designation in the report and recommendation. The court will refer to the defendant as Officer Clemons.

infraction he did not commit and find him guilty of the infraction, thus violating his Fourteenth Amendment due process rights; and a supervisory liability claim against Warden Streeter in relation to the Fourteenth Amendment violation. (*See generally* Doc. 9). He seeks money damages and asks the court to refer the defendants to the U.S. Attorney for prosecution. (Doc. 9 at 10).

The magistrate judge entered a report on February 21, 2025, recommending the court strike the request that the defendants be referred to the U.S. Attorney for prosecution, dismiss without prejudice on Eleventh Amendment immunity grounds the claims for money damages against the defendants in their official capacities, and dismiss without prejudice under § 1915A(b)(1) for failing to state a claim upon which relief can be granted both the Fourteenth Amendment due process claim against Officers Pelzer, Clemons, and McPhails in their individual capacities and the supervisory liability claim against Warden Streeter in his individual capacity. (Doc. 12). The magistrate judge recommended the court refer back to her for further proceedings the Eighth Amendment excessive force claim against Official Pelzer in his individual capacity and the Eighth Amendment failure to protect claim against Officer Clemons in his individual capacity. (Doc. 12).

The plaintiff has filed objections to the report and recommendation. (Doc. 13). He first objects to the dismissal of his Eighth Amendment excessive force and failure to protect claims. (Doc. 13 at 1-3). However, the magistrate judge did not

2

recommend dismissal of those claims; she recommended the court refer those claims back to her for further proceedings. Therefore, the court will overrule this objection.

The plaintiff next objects to the dismissal of his claims for money damages against the defendants in their official capacities. He argues he has alleged facts that, if proven true, would show the defendants violated clearly established law. (Doc. 13 at 1, 3-4). The plaintiff's argument conflates the concepts of qualified immunity and Eleventh Amendment immunity. "Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Andujar v. Rodriguez*, 486 F.3d 1199, 1202 (11th Cir. 2007) (internal quotation marks omitted). Eleventh Amendment immunity bars suits against a state by its citizens and extends to state officials sued in their official capacities for money damages. *Carr v. City of Florence, Alabama*, 916 F.2d 1521, 1524 (11th Cir. 1990) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)); *Nat'l Assoc. of the Deaf v. Florida*, 980 F.3d 763, 770 (11th Cir. 2020) (citing *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)). Eleventh Amendment immunity is the basis of the magistrate judge's recommendation the court dismiss the plaintiff's claims for money damages against the defendants in their official capacities. (Doc. 12 at 5-7). Because the plaintiff's objection to the dismissal of his claims for money damages against the defendants in their official

3

capacities provides no basis for challenging the defendants' entitlement to Eleventh Amendment immunity, the court will overrule the objection.

Finally, the plaintiff objects to the recommendation that the court strike his request for criminal referrals. (Doc. 13 at 5). However, he cites no authority that undermines the magistrate judge's explanation that the court does not refer individuals for prosecution or determine who is prosecuted. (*See* Doc. 12 at 5 (citing *United States v. Brantley*, 803 F.3d 1265, 1271 (11th Cir. 2015); *United States v. Ramos*, 933 F.2d 968, 971 n.1 (11th Cir. 1991)). Therefore, the court will overrule this objection.

After careful consideration of the record in this case, including the magistrate judge's report and the plaintiff's objections, the court **OVERRULES** the objections, **ADOPTS** the magistrate judge's report, and **ACCEPTS** her recommendation. Consistent with that recommendation, the court **STRIKES** the request that the defendants be referred to the U.S. Attorney for prosecution, **DISMISSES WITHOUT PREJUDICE** on Eleventh Amendment immunity grounds the claims for money damages against the defendants in their official capacities, and **DISMISSES WITHOUT PREJUDICE** under § 1915A(b)(1) for failing to state a claim upon which relief can be granted both the Fourteenth Amendment due process claim against Officers Pelzer, Clemons, and McPhails in their individual capacities and the supervisory liability claim against Warden Streeter in his individual capacity.

4

The court **REFERS** back to the magistrate judge for further proceedings the Eighth Amendment excessive force claim against Official Pelzer in his individual capacity and the Eighth Amendment failure to protect claim against Officer Clemons in his individual capacity.

    **DONE** and **ORDERED** April 10, 2025.

                                        **LILES C. BURKE**
                                        UNITED STATES DISTRICT JUDGE